## Case No. 12,495.

SCHUYLER v. The CORSICA.

[37 How. Prac. 262.]

District Court, S. D. New York. 1869.

COLLISION BETWEEN STEAMERS IN THE NORTH RIVER—CROSSING COURSES.

[A steamer descending the Hudson river, and colliding with a steamer crossing from New York to Jersey City, *held* in fault, because, instead of keeping her course, as required by articles 14 and 18 of the rules of 1864, in the case of a steamer approaching, on crossing courses, the starboard side of another, she attempted to avoid the crossing steamer by sheering to the east, and thus striking her after the latter had stopped and reversed.]

[1][This was an action [by Samuel Schuyler] brought to recover $41,000, being the damages arising out of collision which happened in this port on the 9th of November, 1865, between the steamer America and the steamer Corsica. The Corsica was, at the time, proceeding down the North river, bound to sea. The America was below her and proceeding across the river from off the Battery to her pier at the foot of Sussex street, Jersey City. The America was struck on the starboard side, some 40 feet from the stern, the Corsica sweeping aft without injuring the hull of the America, but staving off her starboard guard from the gangway aft to the wheel, staving the wheel and bringing up with great force upon the shaft, which was split in the inboard journal, and shoved aft against the after wheel-beam.]

Mr. Van Santvoord, for libelant.

Mr. Lord, for claimant.

BENEDICT, District Judge. This case has been argued with earnestness on both sides, and the voluminous evidence presented before me has received my careful attention. The argument on the part of the Corsica is ingenious, but it has failed to convince me of the correctness of the management of that vessel upon the occasion in question, and I must hold the libelant entitled to recover. The two vessels were crossing each other's courses, the America having the Corsica upon her starboard side. They were in plain sight of each other in an open river at midday, in clear weather, and no other vessels were moving near them to affect in any way their action. It is, therefore, no special case, but one manifestly within the provisions of articles 14 and 18 of the rules of 1864. Under these rules, it was the duty of the Corsica to keep on her course, and the duty of the America to avoid her. The America accordingly stopped before she reached the course of the Corsica, and backed, and I am satisfied would have avoided her, had not the latter vessel disregarded the rule and, instead of keeping on her course down the river, undertaken to avoid the America by sheering to the east. This action on the part of the Corsica, which I do not find justified by any circumstances proved in the case, was the cause of the collision which ensued, and renders her responsible for the damage caused thereby.

As to the defense that the Corsica was under the direction of a licensed pilot, and therefore not responsible for a collision caused by his improper order, it is sufficient to

---

1 [From the records of the court.]

say that this defense has been overruled by the circuit court of this circuit in the case of Walsh v. The China. [Case No. 17,114.] The decree must accordingly be for the libelant, with an order of reference to ascertain the amount of the loss.